# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF TEXAS
# HOUSTON DIVISION

| | |
|---|---|
| **MARIO ALANIS, KASEY HERNANDEZ, AIMEE MAY, SHEENA PERRY and JONATHAN SANTANDER, Individually and On Behalf of All Others Similarly Situated,** | **CIVIL ACTION NO. 4:17-cv-00849** |
| **Plaintiffs,** | **JURY TRIAL DEMANDED** |
| V. | |
| **SPRINT/UNITED MANAGEMENT COMPANY,** | |
| **Defendant.** | |

## PLAINTIFFS' ORIGINAL COLLECTIVE ACTION COMPLAINT

## SUMMARY OF SUIT

1. The Fair Labor Standards Act ("FLSA") is designed to eliminate "labor conditions detrimental to the maintenance of minimum standard of living necessary for health, efficiency and general well-being of workers ...." 29 U.S.C. § 202(a). To achieve its goals, the FLSA sets minimum wage and overtime requirements for covered employees. 29 U.S.C. §§ 206(a) and 207(a).

2. Defendant violated the FLSA by failing to compensate Plaintiffs for all hours worked at the overtime premium rate (hereinafter referred to as "off-the-clock work").

3. Plaintiffs bring a collective action to recover the unpaid wages owed to them and all other similarly situated employees, current and former pursuant to 29 U.S.C. § 216(b). Members of the Collective Action are hereinafter referred to as "Class Members."

4. Plaintiffs also pray that the class of similarly situated employees be notified of the pendency of this action and apprised of their rights so that they may have an opportunity to join this litigation in a manner envisioned by *Hoffman-La Roche Inc. v. Sperling*, 493 U.S. 165 (1989) and its progeny.

## SUBJECT MATTER JURISDICTION AND VENUE

5. This Court has jurisdiction over the subject matter of this action under 29 U.S.C. § 216(b) and 28 U.S.C. § 1331.

6. Venue is proper in the Southern District of Texas because a substantial portion of the events forming the basis of this suit occurred in this District.

## PARTIES & PERSONAL JURISDICTION

7. Plaintiff Mario Alanis is an individual residing in Harris County, Texas. Plaintiff's written consent to this action is attached to this Complaint as "Exhibit 1."

8. Plaintiff Kasey Hernandez is an individual residing in Harris County, Texas. Plaintiff's written consent to this action is attached to this Complaint as "Exhibit 2."

9. Plaintiff Aimee May is an individual residing in Harris County, Texas. Plaintiff's written consent to this action is attached to this Complaint as "Exhibit 3."

10. Plaintiff Sheena Perry is an individual residing in Harris County, Texas. Plaintiff's written consent to this action is attached to this Complaint as "Exhibit 4."

11. Plaintiff Jonathan Santander is an individual residing in Harris County, Texas. Plaintiff's written consent to this action is attached to this Complaint as "Exhibit 5."

12. The Class Members are all current and former hourly paid Lead Consultants and Sales Associates employed by Defendant at its Town & Country store at any time between three years before the Court conditionally certifies this case as a collective action to the present.

13. Defendant Sprint/United Management Company is a foreign for-profit corporation, which does business in Texas. Defendant may be served process through its registered agent as follows: The Prentice-Hall Corporation System, 211 E. 7th Street, Suite 620, Austin, Texas 78701-3218.

14. Defendant at all times relevant to this action has had sufficient minimum contacts with the State of Texas to confer personal jurisdiction upon it by this Court. Defendant conducts business throughout Texas. Furthermore, Defendant contracted with and employed Texas residents, like Plaintiffs and Class Members, to conduct its business in Texas.

## FLSA COVERAGE

15. At all material times, Defendant has been an employer within the meaning of 3(d) of the FLSA. 29 U.S.C. § 203(d).

16. At all material times, Defendant has been an enterprise in commerce or in the production of goods for commerce within the meaning of 3(s)(1) of the FLSA because it has had employees engaged in commerce. 29 U.S.C. § 203(s)(1).

17. Furthermore, Defendant has had, and continues to have, an annual gross business volume in excess of the statutory standard.

18. At all material times, Plaintiffs were individual employees who engaged in commerce or in the production of goods for commerce as required by 29 U.S.C. § 206-207.

## FACTS

19. Defendant operates a nationwide chain of cellphone stores, which provide customers with telecommunication services, cellphone equipment and cell phone accessories.

20. Defendant employs Lead Consultants and Sales Associates at its stores to sell and provide customer support.

21. Defendant's Lead Consultants and Sales Associates are hourly paid plus receive a commission.

22. Mario Alanis worked as a Lead Consultant from on or about April 2001 to October 2016.

23. Aimee May worked as a Lead Consultant from on or about April 2016 to November 2016.

24. Kasey Hernandez worked as a Sales Associate from on or about April 2015 to November 2016.

25. Sheena Perry worked as a Sales Associate from on or about March 2015 to November 2016.

26. Jonathan Santander worked as a Sales Associate from on or about August 2016 to November 2016.

27. Plaintiffs worked as Lead Consultants and Sales Associates at Defendant's Town & Country store located at 600 West Sam Houston Parkway, Suite 720, Houston, Texas 77024.

28. Defendant required Plaintiffs to work off-the-clock on a regular and routine basis despite Plaintiff's continual requests for compensation.

29. Plaintiffs reported off-the-clock work issues to Defendant's Human Resources ("HR"), but Defendant ignored their complaints.

30. Instead of correcting its illegal pay practices, Defendant threatened to reprimand and/or terminate Plaintiffs if they did not perform work off-the-clock.

31. Plaintiffs were required to work off-the-clock in (but not limited to) the following ways:

   a) clocking out for lunch but required to stay on the floor to assist customers;

   b) Participating in GROUPME emails and chats during all hours of the day;

   c) Responding to numerous work calls, texts and emails at all times of the day and night;

      d) Participating in "Zero Production Calls"; and

      e) Running errands before and after a scheduled work shift.

32. On average, Plaintiffs and Class Members were required to work at least ten (10) hours a week off-the-clock.

33. Defendant's pay policies and practices are in violation of the FLSA.

34. Defendant knows or should have known that its policies and practices violate the FLSA, and Defendant has not made a good faith effort to comply with the FLSA. Rather, Defendant knowingly, willfully, and/or with reckless disregard of the law carried and continues to carry out its illegal pattern and practice regarding its Lead Consultants and Sales Associates. Defendant's method of paying Plaintiffs in violation of the FLSA was not based on a good faith and reasonable belief that its conduct complied with the FLSA. This is not Defendant's first FLSA lawsuit. It has been sued in other states for similar wage violations. However, it continues similar illegal pay practices today. Plaintiffs and Class Members are entitled to a three-year (3) statute of limitations.

## FLSA OVERTIME WAGE VIOLATION

35. Plaintiffs incorporate all allegations contained in the foregoing paragraphs.

36. Defendant's practice of failing to pay Plaintiffs for all hours worked at the required overtime wage rate violates the FLSA. 29 U.S.C. § 207.

37. None of the exemptions provided by the FLSA regulating the duty of employers to pay employees for all hours worked at the required overtime wage rate are applicable to the Defendant or hourly paid employees like the Plaintiffs.

## COLLECTIVE ACTION ALLEGATIONS

38. Plaintiffs have actual knowledge that Class Members have also been denied pay at the federally mandated overtime wage rate. Specifically, Plaintiffs worked with other hourly paid Lead Consultants and Sales Associates at Defendant's Sprint store. These employees have reported that they were subject to the same illegal pay practice and policy described above. Such other employees have also expressed an interest in joining this lawsuit.

39. The Class Members perform or have performed the same or similar work as the Plaintiffs.

40. Class Members are not exempt from receiving pay at the federally mandated overtime wage rate under the FLSA.

41. As such, Class Members are similar to Plaintiff in terms of job duties, pay structure, and/or the denial of overtime wage.

42. Defendant's failure to pay for hours worked at the overtime wage rate required by the FLSA results from generally applicable policies or practices, and does not depend on the personal circumstances of the Class Members.

43. The experiences of the Plaintiffs, with respect to their pay, are typical of the experiences of the Class Members.

44. The specific job titles or precise job responsibilities of each Class Member does not prevent collective treatment.

45. All Class Members, irrespective of their particular job requirements, are entitled to compensation for hours worked at the federally mandated overtime wage rate.

46. Although the exact amount of damages may vary among Class Members, the damages for the Class Members can be easily calculated by a simple formula. The claims of all Class

Members arise from a common nucleus of facts. Liability is based on a systematic course of wrongful conduct by the Defendant that caused harm to all Class Members.

47. Due to the inherent nature of Defendant's pay practice and policy to require its hourly paid Lead Consultants and Sales Associates to work off-the-clock, all of Defendant's hourly paid Lead Consultants and Sales Associates are similarly situated with respect to the violation.

48. As such, the class of similarly situated Plaintiffs is properly defined as follows:

> **All current and former hourly paid Lead Consultants and Sales Associates employed by Defendant at its Town & Country store at any time between three years before the Court conditionally certifies this case as a collective action to the present.**

## DAMAGES SOUGHT

49. Plaintiffs and Class Members are entitled to recover compensation for the hours they worked for which they were not paid at the federally mandated overtime wage rate.

50. Plaintiffs and Class Members are also entitled to an amount equal to all of their unpaid wages as liquidated damages. 29 U.S.C. § 216(b).

51. Plaintiffs and Class Members are entitled to recover their attorney's fees and costs as required by the FLSA. 29 U.S.C. § 216(b).

## JURY DEMAND

52. Plaintiffs and Class Members hereby demand trial by jury.

## PRAYER

53. For these reasons, Plaintiffs and Class Members respectfully request that judgment be entered in their favor awarding the following relief:

   a) All unpaid wages at the FLSA mandated overtime wage rate;

   b) An equal amount as liquidated damages as allowed under the FLSA;

c) Reasonable attorney's fees, costs and expenses of this action as provided by the FLSA; and

d) Such other relief to which Plaintiffs and Class Members may be entitled, at law or in equity.

Respectfully submitted,

SHELLIST | LAZARZ | SLOBIN LLP

By: */s/ Todd Slobin*
Todd Slobin
Texas Bar No. 24002953
tslobin@eeoc.net
Ricardo J. Prieto
Texas Bar No. 24062947
rprieto@eeoc.net
11 Greenway Plaza, Suite 1515
Houston, Texas 77046
Telephone: (713) 621-2277
Facsimile: (713) 621-0993

ATTORNEYS FOR PLAINTIFFS
& CLASS MEMBERS